IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ARIANA WYATT, ET AL. | ) | Civil No. 23-00065 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFFS' CONSENT MOTION |
| | ) | FOR APPROVAL OF SETTLEMENT |
| UNITED STATES OF AMERICA, | ) | OF MINOR'S CLAIMS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' CONSENT MOTION FOR
APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS

On February 27, 2026, Plaintiffs Ariana Wyatt, individually and as next

friend to her minor child, I.W., and Meredith Wilson filed a Consent Motion for

Approval for Settlement of Minor's Claims ("Motion").[1]  ECF No. 198.  Therein,

Plaintiffs state that Defendant United States of America ("Defendant") consents to

the requested relief in the Motion.  *Id.* at 2.

The Court elects to decide the Motion without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

---

[1] Since the filing of the Motion, the parties stipulated, with the district court's
approval, to dismiss with prejudice the claims of Plaintiffs Ariana Wyatt in her
individual capacity and Meredith Wilson.  ECF No. 199.  Therefore, the only
remaining claims as of the filing of this Order are those of Plaintiff Ariana Wyatt
as next friend to her minor child, I.W.  *See id.*

District of Hawaii.  After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion for the reasons set forth below.

BACKGROUND

This matter is one of a number of cases filed in this district in which plaintiffs assert claims under the Federal Tort Claims Act ("FTCA") against the United States arising from the 2021 releases of jet fuel at the Red Hill Bulk Fuel Storage Facility.  Plaintiffs filed their Complaint in February 2023.  ECF No. 1.  The operative pleading is the Amended Complaint, which asserts negligence, nuisance, and trespass claims related to the fuel releases in May 2021 and November 2021.  ECF No. 44.

In a related matter, *Feindt, et al. v. United States*, the plaintiffs assert FTCA claims against the United States related to the November 2021 fuel release.  Civil No. 22-00397 LEK-KJM, D. Haw.  The district court conducted a ten-day bench trial for 17 bellwether plaintiffs beginning on April 29, 2024.  CIV NO. 22-00397 LEK-KJM, 2025 WL 2254119, at *1 (D. Haw. Aug. 7, 2025).  The trial included, among other things, testimony from 20 retained experts, over 650 exhibits, and extensive pre- and post-trial briefing and other filings.

On May 7, 2025, the district court issued its Preliminary Findings of Fact and Conclusions of Law.  *Feindt v. United States*, CIV NO. 22-00397 LEK-KJM,

2025 WL 1348465 (D. Haw. May 7, 2025).  On August 7, 2025, the district court

issued its Findings of Fact and Conclusions of Law ("Final FOF/COL").  *Feindt*,

2025 WL 2254119.  In the Final FOF/COL, the district court awarded general

damages for each bellwether plaintiff in amounts ranging from $3,000 to $75,000

"for pain and suffering, and, in the case of some Plaintiffs, emotional distress[.]"

*Id.* at *61 ¶ 28.  In general, the minor bellwether plaintiffs received less than the

adult bellwether plaintiffs.  *See id.* ¶ 29 (awarding plaintiffs T.F. and D.J—both

who were under two years of age as of the November 2021 spill—$3,000 to $5,000

and awarding adult plaintiffs Aubart, Dietz, Feindt, Jessup, and Witt $37,500

each).  The court also awarded $1,000 in hedonic damages to each bellwether

plaintiff and special damages in varying amounts to five bellwether plaintiffs.  *Id.*

¶¶ 30–34.

This case was previously set for trial for July 7, 2026.  ECF No. 110 at 3 ¶ 1.

On February 12, 2026, the parties submitted, and the Court approved, a Stipulation

Regarding Settlement ("Stipulation").  ECF No. 195.  Therein, the parties notified

the court that the parties reached a settlement of all claims.  Pursuant to the

representations set forth in the Stipulation, the district court vacated the July 7,

2026 trial date and unexpired pretrial deadlines.  ECF No. 197.  The district court

subsequently approved the parties' stipulation for dismissal of the claims of

Plaintiffs Ariana Wyatt in her individual capacity and Meredith Wilson.  ECF No. 199.

On February 27, 2026, Plaintiffs filed the Motion.  ECF No. 198.

DISCUSSION

Plaintiffs filed the Motion seeking approval of the settlement for minor I.W. "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)) (citing *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem")).

The Ninth Circuit stated that district courts should "focus[] on the net recovery of the minor plaintiffs under the proposed agreement." *Robidoux*, 638 F.3d at 1181.  To that end, courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82.  "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).  "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Plaintiffs state that minor I.W. will recover a net settlement of $10,000. ECF No. 198-1 at 3.  I.W.'s recovery is similar to the recovery of the minor plaintiffs in the *Feindt* bellwether trial and other cases regarding comparable injuries. *See, e.g.*, *Feindt*, 2025 WL 2254119, at *61; *Doe v. Lincoln Military Prop. Mgmt. LP*, Case No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *2, 6 (S.D. Cal. Sept. 18, 2020) (finding minor plaintiffs' net recovery of $19,793.29 and $1,277.04 for injuries including exacerbation of autism, wet coughs, eye infections,

sinus infections, lethargy, and shortness of breath, sustained for exposure to black mold and other toxic chemicals fair and reasonable); *Tipton v. Camp Pendleton & Quantico Housing*, LLC, Case No.: 3:22-cv-00167-W-AHG, 2022 WL 5133481, at *3 (S.D. Cal. Oct. 4, 2022) (finding minor plaintiffs' net recoveries of $3,750 for alleged injuries, including apnea, difficulty breathing, sleep walking, rashes, behavioral issues, and psychological symptoms, sustained for exposure to black mold and other toxic chemicals to be fair and reasonable).

In light of the facts of this case, the minor's specific claims, and recovery in similar cases, the Court finds that the settlement for I.W. is fair and reasonable. The Court thus recommends that the district court approve the settlement pursuant to Rule 17(c). *See Robidoux*, 638 F.3d at 1182 (noting that the Court must determine if each settlement "is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases" and that, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented").

CONCLUSION

Based on the foregoing, the Court FINDS that the settlement for minor I.W.'s claims is fair and reasonable. The Court thus RECOMMENDS that the district court GRANT Plaintiffs' Consent Motion for Approval of Settlement of Minor's Claims (ECF No. 198).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 3, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Wyatt, et al. v. United States*, Civil No. 23-00065 LEK-KJM; Findings and Recommendation to Grant Plaintiffs' Consent Motion for Approval of Settlement of Minor's Claims